**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18 C 5106** |
| | ) | |
| **CHIKOSI WALKER ,** | ) | |
| | ) | |
| **Movant.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

MATTHEW F. KENNELLY, District Judge:

Chikosi Walker pled guilty to participating in a scheme to defraud the IRS by filing

false tax returns in the names of individuals incarcerated by the Illinois Department of

Corrections. The Court sentenced him to a term of imprisonment of forty-two months, to

be followed by three years of supervised release. The Court also ordered him to pay

restitution in the amount of $339,787.28. Walker has filed a motion to vacate, set aside,

or correct his sentence under 28 U.S.C. § 2255.

Generally, a defendant must file a motion under section 2255 within one year

after the date on which the judgment of conviction becomes final. 28 U.S.C.

§ 2255(f)(1). The Court entered judgment on June 5, 2017. Dkt. no. 267. Because

Walker did not file an appeal, the judgment became final fourteen days later, on June

19, 2017. *See Davis v. United States*, 817 F.3d 319, 327 (7th Cir. 2016). He therefore

had until June 19, 2018 to file a motion under section 2255. He did not file the motion

until July 20, 2018—about one month after the deadline. The envelope containing his

motion bears a postmark dated June 28, 2018.

The government has moved to dismiss the 2255 motion as untimely. Both the government's motion and the Court's order setting a briefing schedule were sent to Walker's current address at AUSP Thomson. Walker never filed a response, which was due on December 28, 2018, nor did he seek an extension of time. *See* dkt. no. 15. The Court therefore proceeds to consider the motion to dismiss without the benefit of Walker's views and has examined the record to determine whether there is a basis to deny the government's motion.

**A.     Prison mailbox rule**

The government argues that Walker cannot avail himself of the prison mailbox rule, which provides that a prisoner's section 2255 motion "is deemed filed when given to the proper prison authorities and not when received by the district court clerk." *Boulb v. United States*, 818 F.3d 334, 338 n.3 (7th Cir. 2016). First, the government notes that the envelope has a North Carolina postmark. It argues that this postmark is evidence that Walker gave his motion to a third party outside the prison to submit on his behalf, and that therefore the prison mailbox rule does not apply. Second, the government argues that Walker's motion does not expressly indicate whether he gave it to prison officials in time to take advantage of the mailbox rule.

The government's first argument is unavailing because the North Carolina postmark does not show that Walker gave his motion to someone outside the prison for delivery. At some point in 2018, he was confined at FMC Butner, a North Carolina federal prison for inmates with special health needs. It is therefore possible that he gave his motion to Butner officials to deliver and that those officials mailed it from North

Carolina.

A more serious problem with Walker's late filing is the lack of evidence about when he gave the motion to prison officials.  The only indication is a letter that was delivered with his motion.  The letter is dated June 12, 2018 and purports to be from Mark S. Inch, the director of the Federal Bureau of Prisons.  The letter states that Walker's motion was delivered to prison authorities on April 23, 2018, and that the "delay in the forwarding of this document to you was necessitated by the inmate's medical emergency transfer for emergency surgery and medically necessary follow-up treatment."  Dkt. no. 3, at 1.  If the letter is genuine, it shows that Walker gave his motion to prison officials well in advance of the deadline to file his motion under section 2255.

The letter is not authentic, however.  First, Inch's ostensible explanation for the delay does not add up; it is entirely unclear why Walker's emergency surgery and follow-up treatment would have prevented *prison officials* from mailing a document for nearly two months.  Moreover, the government submitted a declaration from Marla Clayton, the executive secretary to the director of the Bureau of Prisons, who stated that she can find no record of any such letter ever being sent and that the letterhead, font, and formatting do not match the office's official correspondence.  Perhaps most significantly, Clayton attests that Mark Inch resigned as the director of the Bureau of Prisons on May 18, 2018—more than three weeks before the date on the letter.

The only reasonable inference from this evidence is that the Inch letter is fake. There is therefore no genuine evidence to suggest that Walker delivered his motion to prison officials in time to take advantage of the mailbox rule.

**B.      Equitable tolling**

"To qualify for equitable tolling, a petitioner must show: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lombardo v. United States*, 860 F.3d 547, 551 (7th Cir. 2017) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Nothing in the record suggests that Walker could meet the "very high" bar these requirements impose. *Id*. The only evidence that an external obstacle prevented timely filing is the fraudulent letter. Because Walker has failed to point to any other extraordinary circumstance that might justify his delay, equitable tolling is unavailable.

### Conclusion

For the foregoing reasons, the Court grants the respondent's motion to dismiss [dkt. no. 12]. The Clerk is directed to enter judgment dismissing Walker's motion under 28 U.S.C. § 2255. The Court declines to issue a certificate of appealability, because the ruling is not reasonably debatable.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  June 4, 2019